COBB, Judge,
concurring in the result.
I agree that the judgment in this case is due to be affirmed because the hearing officer’s decision, to order Sammy Earl Moore’s case to be reviewed to determine whether a more restricted custody status should be imposed did not deprive Moore of a liberty interest and, therefore, did not trigger the due process protections of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). I do not agree with the language in the majority’s memorandum that speculates that Moore’s removal from the Childersburg Community Work Center “could have been a temporary removal pending the outcome of a reclassification hearing.” Unlike the case of Thomas v. State, 867 So.2d 367 (Ala.Crim.App.2003), cited by the majority, in which the record reflected that the appellant’s removal was temporary, pending the outcome of a reclassification hearing, the record in this case is not so clear. I do not think that it is within the province of this Court to speculate about the reasons for a prisoner’s removal when the record before us is unclear.